UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SICOM S.P.A.**, <br><br> Petitioner, <br><br> v. <br><br> **WELLS FARGO BANK, N.A.**, <br><br> Defendant. | Civ. No. 22-04723 (KM) (MAH) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

In this post-judgment proceeding, petitioner Sicom S.P.A. ("Sicom") seeks damages from respondent Wells Fargo Bank, N.A. ("Wells Fargo") for its failure to comply with a restraining notice issued pursuant to New York law. Wells Fargo has moved to dismiss the petition on grounds of improper venue and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(3), 12(b)(6). For the reasons set forth below, the motion to dismiss (DE 4) is **GRANTED**.[1]

### I. Background

The allegations of the petition are as follows. Sicom is a corporation organized under the laws of Italy, with its principal place of business in that country. (Pet. ¶2.) Wells Fargo is a Delaware corporation with a principal place of business in California. (Pet. ¶4.)

---

[1] Certain citations to the record will be abbreviated as follows:

DE = Docket entry number
Pet. = Sicom's petition for damages against Wells Fargo (DE 1)
Mot. = Wells Fargo's memorandum of law in support of its motion to dismiss the petition (DE 4-5)
Opp. = Sicom's memorandum of law in opposition to the motion to dismiss (DE 9)
Repl. = Wells Fargo's reply memorandum of law in further support of its motion to dismiss (DE 10)

On March 24, 2017, judgment was entered in favor of Sicom, as plaintiff, in a civil breach of contract action in the United States District Court for the Southern District of New York. (Pet. ¶7, Ex. 1.) The defendants in that action, TRS Inc. and Ted S. Sobel, were found liable for damages in the amount of $2,660,616.89 and $89,412.66, respectively. (*Id.*)

On May 11, 2017, the New York judgment was registered with this Court. *See* Case No. 2:18-mc-00135 (KM). (DE 1.) Several years later, Sicom moved for a summary turnover order against TRS Containers, LLC ("TRS Containers"), as garnishee, under N.J. Stat. § 2A:17-63. *See id.*, DE 28. To support its motion, Sicom presented evidence that TRS Containers owes a debt to TRS Inc. *Id.*, DE 28-8. I granted Sicom's motion on March 30, 2020, and issued a turnover order requiring TRS Containers to direct the debt owed to TRS Inc. to be paid to the United States Marshal for the District of New Jersey. *See id.*, DE 30-1.

On August 12, 2021, Sicom served a restraining notice on Wells Fargo, pursuant to New York Civil Practice Law and Rules ("CPLR") § 5222(b). The restraining notice provides, in pertinent part:

> WHEREAS, [TRS Inc., Ted S. Sobel, and TRS Containers LLC] maintain at least one account at Wells Fargo Bank, vested in such person's respective name; and
>
> WHEREAS, it appears that you are in possession or in custody of property in which the Judgment Debtors and Garnishee have an interest;
>
> TAKE NOTICE that pursuant to CPLR § 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property in which you have an interest, except as therein provided.
>
> TAKE FURTHER NOTICE that this notice also covers all property in which Judgment Debtors TRS Inc. and/or Ted S. Sobel and/or the Garnishee have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the Judgment Debtors TRS Inc. and/or Ted S. Sobel and/or the Garnishee.

\*   \*   \*

> TAKE FURTHER NOTICE *That disobedience of this Restraining Notice may be punishable as contempt of court.*

(Pet. ¶11) (emphasis in original).

Wells Fargo acknowledged receipt of the restraining notice and accompanying documents on August 13, 2021. (Pet. ¶12.) Nonetheless, and despite several demands by Sicom's counsel, Wells Fargo failed to comply with the notice. (*Id.* ¶¶13, 14.)

Sicom commenced this action on July 25, 2022, seeking damages from Wells Fargo as a result of its failure to comply with the restraining notice. (*Id.* ¶18.) On October 3, 2022, Wells Fargo moved to dismiss the petition, arguing that venue in this district is improper and that the petition fails to state a claim upon which relief may be granted. (Mot. 1-2.)

Before turning to the asserted grounds for dismissal, I pause to observe that although the allegations in the petition suggest that Wells Fargo failed to comply with the restraining notice in its entirety, Sicom's claim is evidently more limited. That is, the briefing from both parties makes clear that the real dispute is over Wells Fargo's failure to comply with respect to an account it maintains which belongs to TRS Containers. (*See, e.g.,* Opp. 10 ("The Restraining Notice required only preservation of the status quo—*i.e.*, that Wells Fargo restrain the funds in TRS Containers LLC's bank account.")). The accounts belonging to TRS Inc. and Ted S. Sobel do not appear to be at issue in this proceeding. Indeed, while I am constrained for purposes of this motion to consider the facts alleged in the petition only, I note for context that Wells Fargo submitted a declaration by an employee stating that it did, in fact, restrain the account it maintains in the name of TRS Inc. It did not similarly restrain the account belonging to Ted S. Sobel, but only because the "balance in the account was less than the exemption provided by New York CPLR § 5222." (DE 4-3 ¶¶5-6.)

## II. Discussion

The Court has subject matter jurisdiction over the action pursuant to 28

3

U.S.C. § 1332(a)(1). Sicom has alleged that it is a citizen of a foreign state, that Wells Fargo is a citizen of the United States, and that the amount in controversy exceeds the sum of $75,000. (Pet. ¶4.)

### A. Improper venue

Improper venue is an affirmative defense that may be asserted by filing a motion under Fed. R. Civ. P. 12(b)(3). Because it is the defendant's burden to prove that venue is improper, the complaint need not include allegations demonstrating otherwise. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).

28 U.S.C. § 1391(b) sets forth the requirements for venue in a civil action. It provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The petition asserts that venue is proper in this district because "a substantial part of the events giving rise" to Sicom's claim occurred in New Jersey. (Pet. ¶6.) Wells Fargo insists, however, that all relevant events occurred in New York: The judgment that Sicom sought to enforce was entered in New York; the account that Sicom sought to restrain, belonging to TRS Containers, is domiciled in New York; and the restraining notice was served on Wells Fargo in New York, pursuant to New York law. (Mot. 2.) Consequently, says Wells Fargo, venue properly lies in New York and not in New Jersey.

In response, Sicom points out that the judgment, while entered in New York, was registered with this Court, and that the summary turnover order was issued by this Court as well. (Opp. 10.) Sicom explains that this procedure was required because TRS Containers is based in New Jersey. According to Sicom,

the turnover proceeding and the resulting order issued in this district—which names TRS Containers and requires it to pay the judgment—constitute "a substantial part of the events giving rise" to Sicom's attempts to restrain the funds in TRS Containers' bank account. (*Id.*)

Although it is clear that the majority of the events giving rise to Sicom's claim occurred in New York, that is not the standard by which venue is evaluated. It is sufficient under 28 U.S.C. § 1391(b) that a "substantial part of the events giving rise" to the claim occurred in the chosen forum; a majority is not required. Nor is it required that "that the challenged forum be the best forum for the lawsuit to be venued." *Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 376 (D.N.J. 2000). Those issues may be relevant to whether a more discretionary motion to transfer venue should be granted, but "[t]hey are not dispositive of the issue of proper venue in the first instance." *Id*. I conclude that a substantial part of the events giving rise to Sicom's claim occurred in New Jersey and therefore that venue properly lies in this district.

### B. Failure to state a claim

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of resolving a Rule 12(b)(6) motion to dismiss, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The Federal Rules of Civil Procedure do not require that a complaint contain detailed factual allegations. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); see *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief.") (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Sicom seeks relief from Wells Fargo on the ground that the bank failed to restrain the funds in the account it maintained in the name of TRS Containers, as directed by the restraining notice. This claim is brought pursuant to CPLR § 5222(b), which governs the issuance and effect of restraining notices under New York law.

Some background: A restraining notice is an "enforcement device[] available to a judgment creditor." *See Aspen Indus., Inc. v. Marine Midland Bank*, 52 N.Y.2d 575, 579 (1981). CPLR § 5222(b) provides, in relevant part:

> A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest . . . except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated.

Thus, a restraining notice "serves as a type of injunction prohibiting the transfer of the judgment debtor's property." *See Aspen Indus., supra.*

Significantly, a restraining notice "may be served on either the judgment debtor himself or . . . upon a third-party 'garnishee'—a person who owes a debt to the judgment debtor or who is in possession of property in which the judgment debtor has an interest." *Aspen Indus.*, 52 N.Y.2d at 579. CPLR § 5222(b) provides as follows:

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the

possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest.

With that background in mind, I turn to Wells Fargo's argument, which is that the restraining notice served upon it was invalid with respect to the Wells Fargo account belonging to TRS Containers. The notice was invalid, says Wells Fargo, because the CPLR only permits a judgment creditor such as Sicom to restrain a bank account that is in the name of a judgment debtor. TRS Containers is not a judgment debtor; rather, the judgment debtors in this case are Ted S. Sobel and TRS, Inc., and TRS Containers is merely a third-party garnishee. Accordingly, while Sicom could have served TRS Containers with a restraining notice directing it to restrain property in its possession in which judgment debtors Ted S. Sobel and TRS, Inc. have an interest, Sicom had no legal authority to attempt to restrain a bank account in the name of TRS Containers itself. Wells Fargo thus argues that Sicom has no claim against it for failing to comply with the notice. (Mot. 5-9.)

I agree that TRS Containers is not a judgment debtor within the meaning of the CPLR. The CPLR defines a "judgment debtor" as "a person, other than a defendant not summoned in the action, against whom a money judgment is entered." CPLR § 105. Here, the petition alleges that a judgment was entered in the Southern District of New York against Ted S. Sobel ("Sobel") and TRS, Inc. ("TRS"). There is no allegation of a judgment entered against TRS Containers, and thus TRS Containers is not a judgment debtor.

I also agree that the CPLR only authorizes Sicom to restrain property that actually belongs to a judgment debtor. "New York courts have interpreted the scope of restraining notices issued pursuant to § 5222 narrowly," concluding that, "to the extent a restraining notice purports to affect any property other than that of the judgment debtor, [it is] improper under CPLR § 5222." *AXGINC Corp. v. Plaza Automall, Ltd.*, No. 14CV4648ARRVMS, 2018 WL 4771886, at *4 (E.D.N.Y. Oct. 2, 2018) (citations omitted). Moreover, "[a] judgment debtor's interest in restrained property must be 'a direct interest in the property itself which, while it

7

may require a court determination, is leviable and not an indirect interest in the proceeds of the property.'" *AXGINC*, *supra* (quoting *Sumitomo Shoji New York, Inc. v. Chem. Bank New York Trust Co.*, 47 Misc. 2d 741, 744 (N.Y. Sup. Ct. 1965)).

Relevant here, then, are holdings of New York courts that a "restraining notice can only be issued against a third party's bank accounts if there is evidence that those accounts actually hold 'the assets of a judgment debtor.'" *AXGINC*, 2018 WL 4771886, at *6 (quoting *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 392 (S.D.N.Y. 2003)). Absent evidence that a bank account "serve[s] as a depository for the debtor's assets," the account is not one in which a judgment debtor has an "interest," for purposes of restraining the account under the CPLR. *AXGINC*, *supra*, at *5. Thus, *AXGINC Corp.*, for example, held that evidence that an account was used to pay for a judgment debtor's miscellaneous expenses, including rent and legal fees, was still not sufficient to support a creditor's attempt to restrain the funds in the account. *Id.* at *5.

The upshot of all the foregoing is as follows: Because TRS Containers is not a judgment debtor, Sicom is permitted to restrain the funds in TRS Containers' Wells Fargo account only if those funds actually belong to judgment debtors Sobel or TRS. Sicom has not pled sufficient facts to demonstrate that that is the case. It has not alleged that either Sobel or TRS uses the account in the name of TRS Containers as a depository for their assets, or even that the judgment debtors use the account to pay their expenses (found *not* necessarily sufficient in *AXGINC, supra*). Accordingly, the petition does not support a conclusion that Sobel or TRS have an "interest" in the TRS Containers account maintained by Wells Fargo, and therefore it does not allege facts sufficient to demonstrate that Sicom had the legal authority to restrain the funds in that account. *See H. J. O'Connell Assocs., Ltd. v. Ins. Pension*

8

*& Welfare Fund of Roofers Loc. No. 241*, 86 Misc. 2d 259, 260 (Sup. Ct. 1976) (restraining notices served upon banks where third-party garnishee had accounts were invalid, as banks "owed no debts to the judgment debtor" and judgment debtor had no "direct interest" in the funds in the accounts).

Sicom appears to argue that the summary turnover order issued by this Court imbued it with the authority to restrain funds in an account belonging to TRS Containers. (Opp. 7-8.) Sicom points out that CPLR § 5222(b) permits the issuance of a restraining notice upon property of an "obligor," in addition to that a judgment debtor. *Id.* The evident conclusion that Sicom seeks the Court to draw is that the turnover order rendered TRS Containers an "obligor" within the meaning of CPLR § 5222(b).

Sicom, however, makes no attempt to define the term "obligor" or to explain how that status differs from that of a "judgment debtor" for these purposes. Wells Fargo, for its part, has presented the Court with case law suggesting that the terms "judgment debtor" and "judgment obligor" are used interchangeably in New York, the common thread being that both identify a party owing an obligation on a money judgment. (Repl. 3.) *See In re Matrone*, 183 B.R. 41, 41 (Bankr. N.D.N.Y. 1995).

The summary turnover order was issued by this Court pursuant to N.J. Stat. § 2A:17-63. That section, entitled "Order to garnishee to pay debt," provides that, upon a sufficient showing that a third person (the garnishee) owes a debt to a judgment debtor, and upon notice to the judgment debtor and garnishee, the Court may order the garnishee to direct the debt to an officer or receiver appointed by the Court in order to satisfy a money judgment entered against the judgment debtor. *See* N.J. Stat. § 2A:17-63.

Fundamentally, a turnover order issued pursuant § 2A:17-63 is not a money judgment. The order at issue here simply directs TRS Containers, as garnishee, to pay a debt it owes judgment debtor TRS to

the United States Marshal. Moreover, the word "obligor" is not used anywhere in § 2A:17-63, and Sicom has failed to cite any authority indicating that a turnover order issued pursuant to that section renders a garnishee an "obligor" within the meaning of the CPLR.

Sicom explains that the reason it sought issuance of the turnover order was that the New York judgment did not name TRS Containers as a party, and TRS Containers is not a New York entity. Thus, Sicom commenced the turnover proceeding in TRS Containers' home state of New Jersey so that Sicom could pursue its assets in order to satisfy the judgment against Sobel and TRS. (Opp. 8.) According to Wells Fargo, however, the proper remedy would have been to initiate a special proceeding pursuant to CPLR § 5225(b) in New York. The purpose of such a proceeding is "to bring the person (the garnishee) holding the property in which the judgment debtor allegedly has an interest within the in personam jurisdiction of the court." *See Jones v. Palermo*, 105 Misc. 2d 405, 406–07, 432 N.Y.S.2d 288 (Sup. Ct. 1980).

Regardless of whether a special proceeding was the proper vehicle to restrain funds in TRS Containers' Wells Fargo account, I conclude that the restraining notice on Wells Fargo has no effect. Wells Fargo had no legal obligation to comply with the notice insofar as it implicated the TRS Containers account, and therefore Sicom has no claim against Wells Fargo for its inaction.[2] The motion to dismiss is granted on this ground.

---

[2] Sicom asserts that "[w]here there are doubt concerning the validity of the restraining notice, the recipient is nevertheless required to hold the property pending final resolution of such questions." (Opp. 5.) The decision it cites in support of this argument is distinguishable. In *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 465 (2d Cir. 2018), the judgment creditor served restraining notices upon third-party garnishees and commenced a lawsuit against the garnishees due to their failure to comply with the notices. Here, however, Wells Fargo is not a garnishee. *See* CPLR § 105 (A "garnishee" is a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest.) Accordingly, while the restraining notices in *CSX* were "valid on [their] face," the same cannot be said for the notice at issue in this case. *CSX, supra*, at 472 (quoting *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013)).

### III. Conclusion

The motion to dismiss (DE 4) is **GRANTED** for failure to state a claim warranting relief. Dismissal is without prejudice to the reassertion of Sicom's claim in the event that Sicom is able to adequately allege that judgment debtors TRS or Sobel had a direct interest in the TRS Containers account maintained by Wells Fargo. An appropriate order will issue.

Dated: April 25, 2023

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**